Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for modifications for clarity, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. A Form 22 is to be submitted for the calculation of average weekly wage.
4. Precision Walls, Inc. is a qualified self-insured with Key Risk Management Services as the servicing agent.
5. One of the dates of plaintiff's alleged injuries is 25 February 1997.
6. The parties stipulated to statements made to plaintiff by Glenda Liston of Key Risk Management Company on 15 May 1997 concerning both of plaintiff's alleged injuries to her back. The statements are appended to the back of the deposition of Dr. Nelson.
7. The medical records of Dr. Gaddy, Dr. Lestini and Dr. Nelson are stipulated into evidence and are appended to the deposition of each doctor.
8. The parties also stipulated to the admission of 58 pages of documents from the Employment Security Commission.
9. Judicial notice is taken of all Industrial Commission forms.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff is a 37 year old married female with one child. She has some college credits beyond her high school education. She had pre-existing scoliosis in her back.
2. Plaintiff had been employed with defendant-employer since 25 October 1995 as an internal auditor/secretary. Her duties involved accounting and internal audit work. In late July 1996, defendant-employer was having an audit performed by an accounting firm.
3. As an internal auditor, part of plaintiff's job involved assisting the accountants from Watts Scobie with conducting the yearly audit of Precision Walls. During the audit, plaintiff retrieved necessary documents for the accountants, including heavy ledger books stored in the basement. The Watts Scobie auditing team worked at Precision Walls, off and on, from April through 30 July 1996.
4. According to plaintiff, on 20 August 1996, Stan Hill, an accountant with Watts Scobie, asked that she retrieve information from a general ledger book located in the basement, generally referred to by employees as the "dungeon." Plaintiff alleges that while standing on old carpet squares and boxes in an attempt to retrieve the ledger, she almost fell and felt "immediate pain" in her back. Plaintiff alleges that she subsequently discussed back pain with Mr. Hill and asked her supervisors, Tom Newhouse and Gary Roth, to move the ledger books to the accounting department so that she would not "kill herself." Neither Mr. Hill nor Mr. Newhouse had any recollection of any discussion with plaintiff concerning a back injury in August 1996.
5. Neither of plaintiff's witnesses, co-workers Ms. Stephanie Thompson nor Ms. Dena Thornton, recalled witnessing or hearing about an injury to plaintiff's back in August 1996.
6. On 9 August 1996, plaintiff treated with Dr. Gaddy for sinus problems. During this examination, plaintiff did not mention back pain. In fact, Dr. Gaddy examined her entire back, but found no evidence of back tenderness.
7. On 1 October 1996, plaintiff returned to Dr. Gaddy, for the first time complaining of back and leg pain. At no point did she describe a work-related injury which caused the pain. Thereafter, Dr. Gaddy referred plaintiff to orthopedist Dr. Leonard Nelson for follow-up care of her back.
8. Plaintiff first treated with Dr. Nelson on 3 October 1996. Before the examination, plaintiff completed a questionnaire on which she indicated that her current back pain had developed "gradually." She also told Dr. Nelson that she had been experiencing incapacitating pain in her low back for four or five days. Plaintiff made no reference to an injury at work. After examination, Dr. Nelson ordered an MRI, which showed disc herniation at L5-S1.
9. On 24 October 1996, Dr. Nelson placed plaintiff temporarily out of work so that he could perform a lumbar laminectomy on 1 November 1996. Plaintiff requested this time off from Robin Wade, the office manager at defendant-employer's, and Mr. Newhouse. She gave no explanation of why she needed the surgery. Plaintiff also asked for and received short-term disability benefits for her time out of work. She did not request her employer to file a workers' compensation claim.
10. After the laminectomy, plaintiff was released to return to work on 14 November 1996. Thereafter, her condition initially improved until 3 March 1997. Plaintiff, on that date, reported to Dr. Nelson pain from mopping the floor at her home. After the mopping incident, plaintiff experienced progressively increasing pain, especially when sitting. Due to this pain, plaintiff requested and was given permission by defendant-employer to obtain a new chair for work.
11. Plaintiff has alleged that on 26 February 1997 she reinjured her back when the chair in which she was sitting tipped over and she jerked her body forward in order to prevent a fall.
12. Even though plaintiff had already obtained approval for a new chair, on 6 March 1997, Dr. Nelson wrote a note requesting that plaintiff be provided a chair with additional lumbar support. Plaintiff never gave this note to any representative of defendant-employer. The next day, 7 March 1997, she failed to report to work and did not call in until approximately 1:30 p.m. The next business day, 10 March 1997, plaintiff was terminated for repeatedly failing to call in when she was not coming to work. Plaintiff's back condition was not a factor in defendant's decision to terminate her employment.
13. Plaintiff was informed of her termination 10 March 1997. Plaintiff became extremely upset and left the office; then, she returned and, for the first time, informed defendant through Mr. Newhouse that her back condition was work-related.
14. On 18 March 1997, eight days after she was terminated, plaintiff returned to Dr. Gaddy for the first time in six months. Plaintiff was upset about her recent termination and told Dr. Gaddy that she had hurt her back at work on 26 February 1997. Thereafter, plaintiff filed two Form 18's, alleging that she had initially injured her back on 20 August 1996 and reinjured it on 26 February 1997.
15. Plaintiff did not seek further medical attention for her back until 15 May 1997, when she returned to Dr. Nelson and again asserted that she had nearly fallen from her chair on 26 February 1997.
16. Thereafter, plaintiff transferred her care to Dr. William Lestini. On 12 June 1997, Dr. Lestini diagnosed plaintiff with post laminectomy syndrome, degenerative disc disease, and segmental instability. He performed an L5-S1 anterior interbody fusion in August 1997.
17. Plaintiff has since reached maximum medical improvement and has returned to full employment for another employer. While she was out of work, she received $5,564.00 in unemployment benefits.
18. Plaintiff initially claimed to the adjuster and Dr. Lestini that she sustained an injury at work on 20 August 1996. She later changed the date to late July when she became aware that Mr. Hill was not present in the office after 1 August 1996.
19. Based upon plaintiff's demeanor, inconsistencies in her testimony, and her failure to report the alleged back injuries to treating physicians at the time the injuries allegedly occurred, the Deputy Commissioner did not find plaintiff's allegations about work-related injuries credible. The Full Commission declines to reverse the Deputy Commissioner's credibility decision and therefore finds that plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident on 20 August 1996 or 26 February 1997.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not proved by a preponderance of the competent, credible evidence of record that she sustained an injury by accident or specific traumatic incident of the work assigned during the summer of 1996 or a reinjury to her back on 26 February 1997. N.C. Gen. Stat. § 97-2(6)
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and hereby is DENIED.
2. Plaintiff and defendant shall divide the costs.
This the ___ day of February 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/bjp